IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PRIDE ENERGY COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>THE LONG TRUSTS,<br><br>Defendant/Counter-Claimant, | CV 20-182-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations, filed on August 10, 2022. (Doc. 74). Judge Cavan recommends that this Court deny Defendant The Long Trusts' ("Long") Motion for Partial Summary Judgment (Doc. 35) and grant Plaintiff Pride Energy Company's ("Pride") Motion for Partial Summary Judgment (Doc. 38). Long has timely objected to Judge Cavan's Findings and Recommendations. (Doc. 75). After a careful review of the filed objections and response (Docs. 75, 76), the Court adopts Judge Cavan's Findings and Recommendations in full.

**I.     Legal Standards**

1

### A. Standard of Review

The parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to will be reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (citation omitted).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Objections are not "a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (citation omitted).

### B. Summary Judgment Standard

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See id.* at 587.

## II. Facts

The parties do not object to Judge Cavan's factual findings. As a result, the Court adopts the facts as set out by Judge Cavan, and reiterates only those necessary to its analysis below.

## III. Discussion

Long makes the following objections:

(1) the Findings and Recommendations are contrary to the law and the undisputed facts showing Pride had no right to sue Long for advance payments because Pride had not satisfied the condition precedent to Long's payment;

3

(2) the Findings and Recommendations are contrary to law and the undisputed facts showing that Pride was in material breach of the contract;

(3) the Findings and Recommendations are contrary to the law because Pride, as the party in material breach, had no right to sue Long.

The Court finds that Long's first objection is proper. As such, the Court will apply a de novo review. However, the remainder of Long's objections merely rehash the arguments already raised in Long's Motion for Partial Summary Judgment and Reply Brief in Support of the Motion for Partial Summary Judgment. (*See* Doc. 35 at 14-17; Doc. 54 at 11-14). The Court will address Long's objections in order.

### A. Judge Cavan correctly determined that the advance payment provision in the parties' agreement does not condition Long's payment on Pride's issuance of an invoice.

Long primarily objects to Judge Cavan's application of *Microsoft Corporation v. Hon Hai Precision Industries Co., Ltd.*, 2019 WL 3859035, at *5 (N.D. Cal. Aug. 16, 2019) in determining that the invoice requirement of the advance payment provision in the parties' Joint Operating Agreement ("JOA") (Doc. 26-1 at 5, § 8) was not a condition precedent to Pride demanding Long pay its share of expenses. (Doc. 75 at 8-11). Pride counters that the caselaw cited by Judge Cavan and the general principles of contract law demonstrate that no condition precedent existed. (Doc. 76 at 8-11). The Court agrees with Judge

4

Cavan and finds that the provision in the JOA requiring Pride to send an invoice to request advance payment of expenses is not a condition precedent to Pride's right to demand and receive payment from Long. Rather, the provision merely provides the mandatory method by which Pride must seek payment from Long.

A condition precedent is "one which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed." *Scottsdale Ins. Co. v. Hall*, 73 P.3d 819, 824 (Mont. 2003); Mont. Code Ann. § 28-1-403. In Montana, condition precedents are "not favored in the law, must be strictly construed, and plainly expressed." *Id. Accord Nomadix, Inc. v. Guest-Tek Interactive Entm't LTD*, 2017 WL 7240765, at *5 (C.D. Cal. Oct. 17, 2017) ("stipulations in an agreement are not to be construed as a condition precedent unless such construction is required by clear, unambiguous language."). Further, a court may only interpret a clause as a condition precedent if the contract, as a whole, clearly and expressly shows such to be the intention of the parties. *Atl. Pac. Oil Co. of Mont. v. Gas Dev. Co.*, 69 P.2d 750, 754-55 (Mont. 1937). *See also Microsoft*, 2019 WL 3859035, at *5 (interpreting an ambiguous clause as a condition precedent would undermine the "essential bargain" reached by the parties). Examples of conditional language include "if," "provided that," and "subject to." *Microsoft*, 2019 WL 3859035, at *5; *Nomadix*, 2017 WL 7240765, at *5. Conversely, courts have held that language like "shall" and "upon" are

5

mandatory, not conditional, terms. *Butte Pipe Line Co. v. King*, 2014 WL 7447761, at *4 (D. Mont. Dec. 31, 2014); *Microsoft*, 2019 WL 3859035, at *5.

The advance payment provision of the JOA is not written so clearly or unambiguously as to compel the Court to interpret it as a condition precedent. The relevant portion reads:

> Operator, at its election, shall have the right from time to time to demand and receive from the other parties payment in advance of their respective shares of the estimated amount of the costs to be incurred in operations hereunder during the next succeeding month, which right may be exercised *only by* submission to each such party of an itemized statement of such estimated costs, together with an invoice for its share thereof. Each such statement and invoice for the payment in advance of estimated costs shall be submitted on or before the 20th day of the next preceding month. Each party shall pay to Operator its proportionate share of such estimate within fifteen (15) days after such estimate and invoice is received ... Proper adjustment shall be made monthly between advances and actual cost, to the end that each party shall bear and pay its proportionate share of actual costs incurred, and no more.

(Doc. 26-1 at 5, § 8) (emphasis added).

First, the phrase "only by" is not recognized by courts as common condition precedent language. *Microsoft*, 2019 WL 3859035, at *5; *Nomadix*, 2017 WL 7240765, at *5. Further, the term "only by" in the context of the JOA provision is not clearly and unambiguously conditional. The preposition "by" in this context serves to designate the procedure by which Pride must request payment, not to trigger its right to payment. *By*, Merriam-Webster, https://www.merriam-webster.com/dictionary/by (last visited Sept. 26, 2022) (defining "by" as "through

6

the instrumentality of"); *Microsoft*, 2019 WL 3859035, at *5 (agreement clause "simply describes process by which royalties are to be determined and paid."). Combining "by" with "only" does not transform the phrase into a condition precedent, as Long asserts, but rather specifies that the single agreed upon method of requesting payment is by invoice.

In contrast, if the provision read "the right may be exercised *only if* Pride submits to Long an itemized statement of estimated costs and an invoice," then the Court would agree with Long because the language of the provision would clearly and unambiguously condition Pride's right to payment on Pride's actions. *Id.* Usage of "provided that" would have a similar effect. *Id.*

The remainder of § 8 of the JOA supports this interpretation for two reasons. First, the natural reading of the invoice requirement and the successive sentences is of a list of the mandatory procedures to request, send, and adjust payments. (Doc. 26-1 at 5, § 8). The invoice requirement thus serves as the first procedural step in a list, not a condition on invoking Pride's right to payment.

Second, the end of § 8 specifies that the method of requesting, sending, and receiving payment serves "the end that each party shall bear and pay its proportionate share of actual costs incurred." (Doc. 26-1 at 5, § 8). Requiring Pride to comply with certain procedures to trigger its right of payment would impede the essential bargain stated in the final portion of § 8, contrary to *Microsoft*

7

and *Atlantic Pacific Oil*. Accordingly, the Court cannot find that the invoice provision is a condition precedent to Long's obligation to pay.

The cases cited by Long are not relevant to the Court's analysis for two reasons. First, none of the cases concern *contract* interpretation, which uniquely disfavors conditional language. *E.g. Bennerson v. Small*, 842 F.2d 710, 713 (3d Cir. 1988) (court order); *Johnson v. McDonald*, 2014 WL 3420817, at *6 (N.D. Cal. July 9, 2014) (statute); *Massenburg v. City of Petersburg*, 836 S.E.2d 291, 395 (Va. 2019) (court jury rule). Second, the cases cited by Long speak to the effect of "only" or "only if." *Bennerson*, 842 F.2d at 713 ("only"); *Johnson*, 2014 WL 3420817, at *6 ("only if"); *Massenburg*, 836 S.E.2d at 395 ("only if"). Caselaw is clear that "only if" is conditional. However, none of the cases cited by Long considers the effect of "only by." These meaningful distinctions make the cases cited by Long unpersuasive.

After conducting a de novo review, the Court agrees with Judge Cavan that sending an invoice is not a condition precedent to Pride requesting payment for expenses from Long and to Long's obligation to pay.

**B.   Long's remaining objections.**

In its remaining objections, Long's factual and legal arguments are identical to those presented to Judge Cavan in the first instance. (*Compare* Docs. 36 at 17-19 and 74 at 11-15 for breach argument; *compare* Docs. 54 at 11-14 and 74 at 13-

8

15 for materiality argument). Thus, Long's second and third objections are mere attempts to relitigate issues already decided by Judge Cavan. *Hagberg*, 2009 WL 3386595, at *1. As these objections are improper, the Court overrules them without further analysis. *See Ogle v. McTighe*, 2019 WL 549566, at *2 (D. Mont. Feb. 12, 2019). Reviewing Judge Cavan's Findings and Recommendations with respect to these legal conclusions, the Court finds no clear error.

## IV. Conclusion

For the reasons discussed above, Judge Cavan's Findings and Recommendations (Doc. 74) are ADOPTED in full. IT IS FURTHER ORDERED that Long's Motion for Partial Summary Judgment (Doc. 35) is DENIED, and Pride's Motion for Partial Summary Judgment (Doc. 38) is GRANTED.

DATED this 27th day of September 2022.

SUSAN P. WATTERS
United States District Judge