IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PRIDE ENERGY COMPANY,<br><br>        Plaintiff/Counter-<br>        Defendant,<br><br>vs.<br><br>THE LONG TRUSTS,<br><br>        Defendant/Counter-<br>        Claimant, | CV 20-182-BLG-SPW<br><br>ORDER |

Before the Court are Plaintiff Pride Energy Company's ("Pride") Motion for Attorney Fees (Doc. 139), Defendant The Long Trusts' ("Long") Motion for Attorney Fees (Doc. 146), and the parties' applications for taxation of costs (Docs. 149, 150). For the following reasons, the Court grants Pride's Motion for Attorney Fees and Application for Taxation of Costs and denies Long's Motion for Attorney Fees and Application for Taxation of Costs.

**I.  Background**

The facts of this case are well understood by the parties and the Court. The Court will briefly summarize only those facts pertinent to the present motions.

1

Pride operates three oil wells in Richland County, Montana. (Doc. 74). Long owns working interests in the wells. The parties' relationship is governed by a Joint Operating Agreement ("JOA"), which requires them to share expenses in accordance with the Accounting Procedure set forth therein.

In 2019, the Montana Board of Oil and Gas Conservation demanded Pride plug three of its wells. In April 2020, Pride sent Long plugging proposals and an Authority for Expenditures ("AFE") estimating the cost to plug each, pursuant to Section 3 of the Accounting Procedure. The proposals indicated Long's estimated share of the plugging costs was $166,424.87. Long had 15 days of receipt of the proposal to either pay its share of the estimated expenses and participate in the plugging operations, or assume all future plugging and all plugging costs. Long never tendered any payments to Pride.

Pride sued Long for breach of contract and unjust enrichment in the Montana Seventh Judicial District Court in Richland County on September 21, 2020. (Doc. 5 at 3). It sought $166,424.87, plus interest and attorney fees. (*Id.*). Long removed the case to this Court. In its Amended Answer, Long denied breaching the contract and being unjustly enriched. (Doc. 28). Long counterclaimed for breach of the JOA and breach of the covenant of good faith and fair dealing. Long also asserted a handful of affirmative defenses.

2

Long and Pride filed cross motions for partial summary judgment. (Docs. 35, 38). Long argued Pride could not maintain its breach of contract claim because (1) it failed to satisfy a condition precedent in the JOA, and (2) it materially breached the contract, thus relieving Long of its duty to perform. (Doc. 35). The Court denied Long's motion, finding that the alleged condition precedent did not exist and any alleged breach by Pride was immaterial. (Doc. 77 (adopting Findings and Recommendations, Doc. 74)). The Court did not decide whether Pride breached the JOA in a non-material way and was liable to Long for damages.

The Court also held Long breached the JOA and granted Pride's motion. (*Id.*). The Court found that the damages owed by Long was disputed and needed to be determined by a jury.

On March 1, 2023, Long sent Pride an offer of judgment for $128,760 for the breach, pre- and post-judgment interest, and recoverable costs accrued to the date of the offer. (Doc. 147-1). The offer excluded costs accrued after the date of the offer and all attorney fees. (*Id.*). Pride rejected the offer.

At trial, the remaining issues were the damages Long owed Pride, and whether Pride breached the JOA and owed Long damages. (Doc. 119). Long also asserted the following affirmative defenses: Pride failed to mitigate its damages, waived its right to enforce the JOA by failing to comply with terms of the JOA, and was estopped from enforcing the JOA's audit provision. (*Id.*). Pride requested

3

$155,000 in damages—$137,000 for the unpaid balance plus interest and $18,000 for the costs incurred by Pride in preparing for the trial. (Doc. 157-1).

At trial, the jury found Pride had not breached the contract and awarded Pride $114,000 in damages. (Doc. 128). The parties timely moved for attorney fees (Docs. 139, 146) and submitted applications for taxation of costs (Docs. 145, 149). Long objected to Pride's application for taxation of costs. (Doc. 153).

## II. Discussion

### A. Attorney Fees

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees[.]" *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). In Montana, "[a]ttorney fees are allowable only when provided for by contract or statute." *Griz One Firefighting v. Montana*, 475 P.3d 739, 747 (Mont. 2020). When one party has an express right under the contract to recover attorney fees in a breach of contract action, the other party has a reciprocal right if it is the prevailing party. Mont. Code Ann. § 28-3-704; *Rafes v. McMillan*, 502 P.3d 674, 677 (Mont. 2022).

Here, the JOA expressly allows Pride to recover its attorney fees when the Non-Operator, *aka* Long, fails to pay its proportion of all bills within 15 days. (Doc. 138 at 35). Since Pride has a right under the contract to recover attorney

4

fees, Long has a reciprocal right to recover its fees if it is the prevailing party. The parties disagree on who prevailed in this matter.

"Generally, the party receiving a net benefit from the judgment is the prevailing party." *Kenyon-Noble Lumber Co. v. Dependent Founds., Inc.*, 432 P.3d 133, 139 (Mont. 2018). Who the money judgment is awarded to is an important factor in determining who received the net benefit but not necessarily dispositive. *In re Marriage of Hart*, 258 P.3d 389, 394 (Mont. 2011) (citing *Doig v. Cascaddan*, 935 P.2d 268, 272 (Mont. 1997)). Its weight can depend on the nature and extent of the prevailing party's victory. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 n.8 (Fed. Cir. 2010).

In *Kenyon-Noble*, the Montana Supreme Court found that the defendant was the prevailing party because it received the net benefit: The defendant succeeded on its principal counterclaim—breach of contract—and was awarded a portion of the relief it demanded. 432 P.3d at 139-40. Meanwhile, the plaintiff did not succeed on any of its claims or receive any damages. *Id.* That the defendant lost on some of its counterclaims and did not receive the entire amount it requested was immaterial because the defendant succeeded on its core claim. *Id.*

Here, Pride argues it prevailed because the Court determined Long breached its duty to make timely payments to Pride under the JOA. (Doc. 140 at 3-4). Long maintains Pride did not prevail because the jury verdict was "thousands of dollars

5

less" than Pride's original claim, claim at trial, and Long's offer of judgment. (Doc. 147 at 4). Instead, Long asserts that it prevailed. (*Id.*).

The Court finds that Pride, not Long, prevailed because it received the overwhelming net benefit of the judgment. Like in *Kenyon-Noble*, this case centers on the parties' respective breach of contract claims. And like the defendant in *Kenyon-Noble*, Pride succeeded on its principal claim—breach of contract—as well as its secondary claim. It also defeated Long's core counterclaim—Pride's alleged breach of contract—and Long's affirmative defenses. As a result, Pride received a substantial portion of its requested damages—about 66%, 73%, and 90% of Pride's original damages request, Pride's request at trial, and Long's offer of judgment, respectively. Thus, Pride undoubtedly prevailed.

The Court rejects Long's assertion that Pride's failure to recover its entire damages request justifies a finding that Long prevailed because the cases Long cited in support of this proposition involved vastly different facts. In *Doig*, the defendant did not prevail because the verdict was only 5% of the defendant's original request, 29% of the plaintiff's first offer of judgment, and 40% of the second offer of judgment. 935 P.2d at 272. Here, as explained, the verdict was substantially larger relative to Pride's damages requests and Long's offer of judgment. In *Champion Produce*, the plaintiffs did not prevail because the verdict was only one third of the damages request and because the success of some of the

6

defendant's affirmative defenses partially waived/modified the contract and reduced the defendant's financial obligations. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003). None of Long's affirmative defenses were successful here. And in *Shum v. Intel Corporation*, the Court found the defendants prevailed because they avoided paying any of the damages and restitution sought by the plaintiff and defeated almost all of plaintiff's claims. 629 F.3d 1360, 1368 (Fed. Cir. 2010). Again, Long lost on all of Pride's and its own claims, and proved none its affirmative defenses. Long was in breach with no exceptions and had to pay more than $100,000 in damages.

For these reasons, the Court finds Pride prevailed in this matter and is entitled to attorney fees. Long did not prevail and is not entitled to its fees.

*B.    Rule 37*

Long also argues it is entitled attorney fees under Rule 37(c)(2) because Pride failed to admit in discovery a fact Long alleges was of substantial importance that Long later proved at trial. (Doc. 147 at 6-9). On February 16, 2021, Long sent Pride a request for admission asking Pride to admit that the cost of plugging the wells was less than the $150,600 Pride had asserted based on the AFE estimates. (Doc. 147-2 at 14). On March 12, 2021, Pride responded: "Denied, the costs of plugging each well is confirmable by actual costs incurred by Pride. Pursuant to the [JOA, Pride's] initial plugging estimate was proper and payment

7

pursuant to that estimate was due by [Long] pursuant to the terms of the JOA." (Doc. 147-3 at 22).

Rule 37(c)(2) allows a requesting party to move for attorney fees when the responding party fails to admit a Rule 36 Request for Admission and the requesting party later proves the matter true. Fed. R. Civ. P. 37(c)(2). The attorney fees are limited to those fees incurred in proving the matter true. *Id.* The Court must order payment of such fees unless, in part, "the admission sought was of no substantial importance[.]" Fed. R. Civ. P. 37(c)(2)(B).

Long argues Pride's refusal to admit the request for admission violated Rule 37 because Pride did not introduce any evidence at trial to support its denial and relied on Long's evidence of the plugging costs, which was less than $150,600. (Doc. 147 at 8-9). Long asserts that, as a result, it was "unfairly burdened" and "forced to conduct a wide range of additional discovery and trial preparation." (*Id.* at 9). Long does not specify how much it believes it is owed and instead asks the Court to award the attorney fees "as required by Rule 37(c)(2)." (*Id.*).

Pride counters that though it denied the request for admission, its explanation for the denial was sufficient to show its use of the estimated charges in calculating the $150,600 complied with the JOA and that Pride would adjust the actual amount owed according to the invoices. (Doc. 151 at 10). Pride also notes that it admitted in an April 29, 2021, letter to Long that the actual costs incurred

8

was less than the amount reflected in the estimates. (*Id.* at 10-11 (citing Doc. 151-1)). Thus, according to Pride, the denial is "of no substantial importance" to the case and provides no grounds for Rule 37(c)(2) sanctions. (*Id.*).

Pride further asserts that even if its conduct is sanctionable, Long is not entitled to its fees for the entire case because Rule 37(c)(2) limits the recovery to fees "incurred in proving the truth of [the] matter" that the other party refused to admit. (*Id.* at 11). Since Pride admitted in the April letter that the plugging costs were less than $150,600, any reason for Long to prove the truth of the matter was negated, and any recoverable fees would be limited to the time between the service of the discovery response and the letter. (*Id.* at 11-12). Pride notes that Long's timesheets do not show any time spent addressing the issue during that period, so Pride does not owe Long anything. (*Id.* at n.2 (citing Doc. 144 at 13-17)).

On reply, Long retorts that the request for admission was of substantial importance because Pride's claimed damages "were the driving force behind this two-year lawsuit," and the request for admission sought to rebut Pride's "inflated damages claim." (Doc. 157 at 9). In fact, according to Long, Pride maintained "until the eve of trial" that the total amount owed to Pride for plugging the wells was $166,424.87, more than $150,600. (*Id.* at 10). Long also points out that Pride failed to supplement its request for admission with the information it provided in the April 29 letter. (*Id.* at 9).

9

The Court denies Long's request for attorney fees based on Rule 37(c)(2) for two reasons. First, though Pride denied the request for admission, its explanation of the damages calculation conforms with the JOA, which allows Pride to bill based on the estimates, then adjust later based on the actual costs incurred. Second, Pride provided the actual costs, which were less than $150,600, to Long less than a month later. (Doc. 151-1). Therefore, nearly two years before trial, Long had evidence of the actual costs of plugging the wells, as provided to it by Pride. Judge Cavan's Findings and Recommendations affirm this. (Doc. 74 at 3). Given this admission, Pride's failure to supplement its response is immaterial.

Long seems to be pointing to the request for admission while ignoring the letter in order to find a technicality on which it could be granted attorney fees. The Court's inference is further supported by the fact that Long provides the Court with no declaration of how much time it spent on proving the truth of the matter and how much it is entitled to under Rule 37(c)(2). Instead, Long implies that it is owed its entire $281,232.00 fee request based under Rule 37. The Court does not see how such an award is justified and denies Long's Rule 37(c)(2) fee request.

C.   *Reasonableness of Fee Request*

Having determined that only Pride is entitled to an award of attorney fees, the Court will assess whether Pride's $146,224.50 fee request is reasonable. "Montana law provides that an award of attorney fees must be reasonable." *Am.*

10

*Welding & Gas, Inc. v. WeldWorld Corp.*, CV 18-151-BLG, 2021 WL 1087069, at *5 (D. Mont. Mar. 22, 2021) (citing *Folsom v. City of Livingston*, 381 P.3d 539, 547 (Mont. 2016)). The Court considers seven nonexclusive factors in determining the reasonableness of a fee request:

> (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys.

*Plath v. Schonrock*, 64 P.3d 984, 991 (Mont. 2003).

Here, Long argues Pride's request is unreasonable, in part, because 105 of the hours billed were logged by an attorney (Emily Kosmider) who was not admitted pro hac vice, but effectively "appeared" before the Court and thus cannot recover. (Doc. 154 at 6). Long also maintains that the time Pride spent on the case was unreasonable and caused by Pride insisting on litigation, and that Pride secured a poor result relative to its original damages request. (Doc. 154 at 6-8). Pride counters that Kosmider can recover because she would have been permitted to appear pro hac vice had she applied, that Long forced the case to trial, and that Pride prevailed because it won on all the claims and received a judgment in excess of $100,000. (Doc. 156 at 6-10).

The Court finds Pride's fee request is reasonable based on the *Plath* factors. First, as to the amount and character of the services rendered, the Court rejects

11

Long's argument that Pride cannot recover for the 105 hours logged by Kosmider. A non-pro hac vice attorney can recover if: (1) the attorney "would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied," or (2) the attorney's conduct "did not rise to the level of 'appearing' before the district court," meaning they only provided basic litigation support. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822-25 (9th Cir. 2009). To be admitted to appear pro hac vice, the attorney (1) must not reside or be regularly employed in Montana, (2) be an active member of another state or federal bar, (3) not be subject to any disciplinary orders, (4) be of good moral character, and (5) have been retained to appear in this Court. D. Mont. L.R. 83.1(d)(1).

Kosmider can recover because she would have been permitted to appear pro hac vice. As Henson declares in his affidavit, Kosmider is an active member of and in good standing with the Oklahoma Bar Association. (Doc. 140-3 at 3). She does not live nor is regularly employed in Montana. (*Id.*). Thus, she would have been admitted pro hac vice, and it does not matter that her work may have equated to "appearing" before the Court. This factor weighs in Pride's favor.

Second, as to the labor, time, and trouble spent on litigation, the Court finds this factor supports Pride's fee request because Pride spent substantial time on pretrial motions and preparing for trial. The Court does not ascribe any blame to

either party for the case proceeding to trial: it was the natural result of a hard-fought case.

Third, as to the character and importance of the litigation, Long agrees the litigation was important to both parties. This factor weighs in Pride's favor.

Fourth, as to the amount of money affected, the Court finds Pride demonstrated at trial that the recouperation of most of the plugging costs was significant because it is a small company. Additionally, though the verdict was less than Pride asked for at trial, it still amounted to almost 75% of what Pride sought. Long's attempts to paint the verdict as nominal because it was "thousands of dollars less" than Pride's requested damages distorts the actual proportion of the verdict compared with what Pride sought.

As to the fifth and sixth factors, Pride and Long agree that the case required a high level of experience and skill, and that Pride's attorneys are reputable and in good standing. (*See* Doc. 154 at 7-8). These factors weigh in Pride's favor.

Last, as to the results secured, the Court finds this factor weighs in Pride's favor because of the significance of the verdict to a smaller company like Pride. Again, Long's assertion that the $114,000 verdict is "scant consolation" to Pride obscures the fact that it is 73% of what Pride asked for at trial. (*Id.*). Additionally, Pride succeeded, without exception, on both its claims and in defeating Long's counterclaims and affirmative defenses.

Looking at the factors together, the Court finds Pride's request is reasonable and grants Pride's attorney's fee request in full.

### D. Taxation of Costs

Long last objects to Pride's Application for Taxation of Costs (Doc. 149). (Doc. 153). Long primarily objects based on its prevailing party argument, which the Court already has rejected. Long lodges two alternative objections: (1) Pride only can recover costs incurred prior to Long's offer of judgment under Rule 68; and (2) Pride cannot recover expert fees above $40, attorney travel expenses, and unrelated court reporter expenses under 28 U.S.C. § 1920. (*Id.*). Pride argues it can recover post-offer of judgment costs because Long's offer explicitly excluded attorney's fees and thus was invalid. (Doc. 155 at 4-8). Pride also asserts that 28 U.S.C. § 1920's limits on the types of recoverable costs do not apply because the JOA governs. (*Id.* at 8). The JOA allows for recovery of "attorney's fees, court costs, and all other costs in connection with the collection of unpaid amounts," so, according to Pride, Long's specific objections are improper. (*Id.* at 8-9).

Under Rule 68, a party defending a claim may serve on the opposing party an offer of judgment, including the costs then accrued, up to 14 days before trial. Fed. R. Civ. P. 68(a). If the offeree rejects the offer and the judgment the offeree obtains is less favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(d).

A timely offer of judgment under Rule 68 is valid only if it "does not implicitly or explicitly provide that the judgment *not* include costs[.]" *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (emphasis in original). Thus, if an offer of judgment excludes costs incurred prior to the offer, it is invalid. The term "costs" in Rule 68 refers to "all costs properly awardable under the relevant substantive statute." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996).

The Court finds Long's offer of judgment was valid, even though it excluded attorney fees accrued up to the offer of judgment. Here, since a statute does not control the case, what costs are properly awardable is determined by the JOA. The JOA is, at best, ambiguous with respect to whether attorney fees are considered a cost. In cases where costs are not explicitly defined in the controlling statutes as including attorney fees, courts refuse to read attorney fees into the definition of costs. *See Marek*, 473 U.S. at 43-44 (J. Brennan, dissenting) (distinguishing statutes that explicitly include attorney fees as a cost with those that are ambiguous and therefore do not define attorney fees as a cost). The Court likewise refuses to do so here and concludes that attorney fees are not a cost under the JOA.

The cases cited by Pride that found attorney fees were a cost are inapplicable because the controlling statutes in those cases expressly defined attorney fees as a type of cost. *See Trident Seafoods Corp.*, 92 F.3d at 860 (quoting 42 U.S.C. § 7413(b) ("the court may award costs of litigation (including reasonable attorney

15

fees ....")). *Davey v. Pierce Cty. Council*, No. 3:21-cv-05068-LK, 2023 WL 2372906, at *1 n.1 (W.D. Wash. Mar. 6, 2023) (42 U.S.C. § 1988(b) allows the court to grant the prevailing party "reasonable attorney's fee as part of the costs"); *Daramy v. Arctic Storm Mgmt. Grp. LLC*, No. 21-1431, 2022 WL 741876, at *3 (W.D. Wash. Mar. 11, 2022) (same under 42 U.S.C. § 2000e-5(k)). Here, the JOA does not expressly provide that attorney fees are considered costs, so the Court refuses to consider them as such. Thus, Long's offer of judgment was valid, and Pride is not entitled to taxation of costs after the date of the offer, March 1, 2023.

As to the specific costs objected to by Long, the Court agrees with Pride that the JOA allows for their recovery. Title 28 of the U.S. Code provides an exclusive list of recoverable costs. 28 U.S.C. § 1920. The statute only controls, though, "when not overridden by contract or explicit statutory authority." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Here, the JOA overrides 28 U.S.C. § 1920 and controls. The JOA provides for the recovery of all court and other costs associated with the collection of unpaid amounts from Long, so Pride can recover its expert fees, attorney travel costs, and other court reporter costs. However, since Pride cannot recover the costs accrued after Long's offer of judgment, Pride cannot recover Henson's March 25, 2023, travel expenses.

For these reasons, the Court sustains Long's objection to the taxation of costs incurred after the offer of judgment, namely the $2,462.17 in travel expenses

and the $84.10 in copying incurred on March 25, 2023. (Doc. 149 at 3-4). The Court overrules Long's objection to the taxation of the $1,841.02 in expert fees and the $100.00 in the court reporter expenses incurred on August 24, 2021. As such, Pride can tax Long $5,229.79 in costs. The Court also rejects Long's application for costs because Long did not prevail in the matter and is not entitled to recover.

### III. Conclusion

Accordingly, IT IS SO ORDERED that Plaintiff Pride Energy Company's Motion for Attorney Fees (Doc. 139) is GRANTED. Pride's Application for Taxation of Costs (Doc. 149) is DENIED as to the travel expenses and copying costs incurred on March 25, 2023, and GRANTED in all other respects.

IT IS FURTHER ORDERED that Defendant The Long Trusts' Motion for Attorney Fees (Doc. 146) and Application for Taxation of Costs (Doc. 150) are DENIED.

DATED this 29th day of September, 2023.

SUSAN P. WATTERS
United States District Judge